IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN YOUNG, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STONEHENGE-ADVISORS, et al. | : | NO. 08-4610 |

## THIRD AMENDED SCHEDULING ORDER

**AND NOW**, this   15^(TH)   day of   December , 2009,

**IT IS ORDERED**  that  the Court's Scheduling Order (Doc. #24) and the

Second Amended Scheduling Order  (Doc. #38) are  AMENDED as follows:

- All discovery shall be completed  by  **February 26, 2010.**

- Plaintiff's expert reports due **January 29, 2010** ;  Defendant's  reports due **January 12,  2010** ; depositions of all experts to be completed by:  **January 29, 2010.**

- Dispositive motions due normally  **March 12, 2010.**

- Exchange of exhibits due  **March 26, 2010**.

- Plaintiff's pre-trial memorandum due:  **March 26, 2010.**

- Defendant's pre-trial memorandum due:  **April 9, 2010**.

- All motions in limine due:  **April 9, 2010.**

- Pre-trial hearing, such as Markman or Daubert, will be scheduled if needed.

- After all dispositive motions have been decided or the time for filing dispositive motions has elapsed, the parties will be given notice of a Final Pre-Trial Conference.

- Parties are to schedule a settlement conference with  Magistrate Judge David R. Strawbridge after the close of dispositive motions (3/12/2010).

2. This case will be placed into the trial pool on **April 12, 2010**  or as soon thereafter as all dispositive motions have been decided.

3. Unless the parties agree to another form of ADR, United States Magistrate Judge David Strawbridge will be in touch with you regarding settlement.  Judge David Strawbridge require that lead counsel and parties with full settlement authority attend the conference.

4. With the exception of employment discrimination cases and cases in which the plaintiff is pro se, I prefer that a party moving for summary judgment under F.R.C.P. 56 follow the instructions set forth in **Attachment A.**  The parties in employment discrimination cases and cases in which the plaintiff is pro se should file traditional summary judgment motions.  For those following the instructions set forth in Attachment A, all responses and replies to summary judgment motions shall contain a statement of undisputed and disputed facts.  For those using the traditional summary judgment procedure, all summary judgment motions and responses shall contain a statement of undisputed and disputed facts.  For me to consider any filing made in conjunction with a motion for summary judgment, all references to affidavits, depositions, documents or other evidence **must** cite specifically to the exhibit, page and line number.

5. In addition to the above, in a jury trial, each party shall submit with the pretrial memoranda:

   (a)  a trial memoranda on the legal issues in the case,

   (b)  proposed voir dire questions (**limited to 15 questions**),

   (c)  proposed jury instructions (one point per page).  Failure to submit proposed jury instructions may result in the forfeiture of a right to object to omissions in the jury charge, and

   (d)  proposed jury verdict sheet and special interrogatories.

In addition to the items above, in non-jury cases, each party shall file:

   (e)  a trial memorandum on the legal issues in the case and

   (f)  proposed findings of fact and conclusions of law.

6. In preparation for the final pretrial conference, counsel are expected to communicate with each other on the following matters in an effort to reach agreement.  At the final pre-trial conference, counsel must be prepared to present a report on the following matters:

   (a)  agreed to and disputed facts;

   (b)  objections to any proposed witnesses;

   (c)  objections to any proposed exhibits (including objections to genuineness and

    authenticity);

(d)  objections to any depositions to be read at trial;

(e)  disputed legal issues;

(f)  amendments to pleadings;

(g)  stipulated to and disputed points for charge;

(h)  verdict sheet and special interrogatories; and

(i)  number of days required for trial.

7. **If you fail to object to proposed voir dire questions, exhibits or witnesses prior to trial, then you have waived any objection.**

8.   Three copies of the schedules of exhibits and, if practicable, two copies of the exhibits themselves shall be prepared for my use at trial.

9.   **REMINDER:** All official filings submitted to the Clerk of Court must be filed by the attorney directly on to ECF.  Counsel must submit to chambers **TWO** courtesy copies of all papers filed with the clerk.  The submissions to chambers must be in hard copy with a copy of the ECF docket entry number on the first page.  Double-sided copies are encouraged to save paper.  **Note:** This requirement also applies in ECF cases.

10.  Your case has been assigned to:

    \_\_\_\_\_  Law Clerk Jonathan Kossak, jonathan_kossak@paed.uscourts.gov
    \_\_X\_\_\_ Law Clerk Melissa R. Ginsberg, melissa_r_ginsberg@paed.uscourts.gov
    \_\_\_\_\_  Law Clerk Danielle Polebaum, danielle_polebaum@paed.uscourts.gov

11. Counsel are reminded that all submissions given directly to Judge Brody in the courtroom or chambers must also be filed by counsel on to ECF.

12. Judge Brody's Policies and Procedures can be accessed via the U.S. District Court's website at **www.paed.uscourts.gov.**

13. Throughout the course of the litigation, counsel shall provide the courtroom deputy clerk, Jim Scheidt, with current telephone and FAX numbers(s).

                              s/Anita B. Brody

                            _____
                            Anita B. Brody,     J.

Chambers Fax: 215-580-2356

**XC: Magistrate David R. Strawbridge**

COPIES VIA ECF  on  _____to:   COPIES MAILED on  _____ to:

Chambers Fax: 215-580-2356

**XC: Magistrate David R. Strawbridge**

COPIES VIA ECF  on  _____to:   COPIES MAILED on  _____ to:

**Attachment A**

## PREFERRED PROCEDURE

Brody Instructions on Summary Judgment for those moving under Rule 56(b)[1]

Rule 56(b) of the Federal Rules of Civil Procedure provides that:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

- This Preferred Procedure is applicable to a defendant or other party with respect to one or more issues as to which that party does not have the burden of proof.

- A party referred to in Rule 56(b) and moving under Rule 56(b) may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

    (1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed, for example, referring to the pleadings;
    (2) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and
    (3) request judgment as provided in Rule 56(c).

- The party against whom the Motion for Summary Judgment is addressed shall file a Response not later than 20 days after the Motion for Summary Judgment is received. The Response shall include a statement of undisputed and disputed facts. The Response, subject to the provisions of Rule 56(e) and (f), shall be supported with affidavits, depositions, documents or other evidence permitted by those provisions. Where applicable, references to such evidence must include **specific** citations to exhibit, page, and line number.

- The movant shall file a Reply as permitted by Rule 56(e) and (f). Such a Reply must be filed not later than 10 days after the Response is received. The Reply must state the undisputed facts, address the disputed facts, and **specify** the relevant exhibit, page, and line numbers when referring to the record.

---

[1]THE PARTIES SHOULD NOT USE THIS PREFERRED PROCEDURE IN EMPLOYMENT DISCRIMINATION CASES OR IN CASES IN WHICH THE PLAINTIFF IS PRO SE.

- The party against whom the Motion for Summary Judgment is directed may, within 10 days after the Reply is received, file a Sur-reply to the Reply. The Sur-reply must **specify** the relevant exhibit, page, and line numbers when referring to the record.

*The purpose of these <u>Instructions</u> is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its case and the defendant then responds.*