**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN YOUNG; EZEKIEL YOUNG | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 08-4610 |
| | : | |
| v. | : | |
| | : | |
| ST JAMES MANAGEMENT, LLC; STONEHENGE- | : | |
| WALNUT, LLC; and STONEHENGE ADVISORS, LLC | : | |
| (DBA) STONGEHENGE-WALNUT) | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE**
**TO EXCLUDE <u>EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401, 402, AND 403</u>**

**<u>FACTS AND LEGAL ARGUMENT</u>**

Plaintiff Stephen Young has been employed by several employers throughout his employment life both before and after his employment with the Defendant St. James management et al.

Under Federal Rule of Evidence 403, it specifically allows a court to exclude evidence if such evidence can be used to mislead the jury, and/or create unfair prejudice. In the instant case the admissibility of plaintiff Stephen Young's past employment history and/or Mr. Stephen Young's post St. James Management employment history would unduly mislead the jury, into believing that his previous or post employment history has a bearing on the discriminatory conduct of the defendant during his employ with the defendant St. James Management.

The admissibility of any such evidence of past or post employment history would create an unfair prejudice in favor of the Defendants. Also Under Federal Rule of Evidence 403, evidence may be excluded if its probative value is substantially outweighed.

Plaintiff Stephen Young's employment history both past and post St. James Management is irrelevant and not admissible under Federal Rule of Evidence 402. Federal Rule of Evidence 402 specifically states," Evidence which is not relevant is not admissible."

With respect to the 'Settlement Agreement' entered into on September 9, 2008 between Plaintiff Stephen Young, Defendant St .James Management and International Union of the Operating Engineers Local 835, under Federal Rule of Evidence 403, said document should be excluded. The 'Settlement Agreement' set forth a payment $40,000 in order to resolve a termination grievance. Said 'Settlement Agreement' specifically excepted Plaintiff Stephen Young's legal right to file a claim against the Defendant St. James Management under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

Any mention of the terms and conditions of the 'Settlement Agreement' would confuse the jury into believing that Plaintiff Stephen Young had already been paid for the discriminatory claims set forth against Defendants in the instant case. Federal Rule of Evidence 403 specifically excludes evidence which is meant to mislead the jury, cause confusion and/or create unfair prejudice.

**WHEREFORE,** it is requested that the Court enter the attached Order to Plaintiff's Motion In Limine to Exclude Evidence Under Federal Rules of Evidence 401, 402 and 403.

Dated: May 18, 2010

_____

Lacy R. Wheeler III, Esquire
Attorney for Plaintiff
12 Veterans Square
Media, PA 19063